## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| COMPOSITE RESOURCES, INC., a South Carolina corporation,<br><br>Plaintiff,<br><br>v.<br><br>JOHN CALEB ROOD, JR., an individual,<br><br>Defendant. | Case No. 2:21-cv-00500-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Plaintiff's Motion for Attorneys' Fees and Costs (Dkt. 22). Based on the briefing, record in this case, and the Defendant's failure to appear, the Court concludes that oral argument is not necessary. Accordingly, for the reasons explained below, the Court will grant the Plaintiff's motion and award Plaintiff's attorneys' fees in the adjusted amount of $41,829.00 and costs in the amount of $1,486.80.

## BACKGROUND

On December 17, 2021, Plaintiff, Composite Resources, Inc. filed its Complaint against Defendant, John Caleb Rood, asserting six causes of action for

patent infringement. Dkt. 1. After significant efforts and multiple attempts to effectuate personal service on Rood failed, this Court granted Composite leave to serve Rood by alternative methods. Dkt. 6.

Despite Composite effectuating service through the alternative methods approved by this Court, Rood failed to appear in this matter. Upon Composite's motion, the Clerk of the Court entered default against Rood on April 15, 2022. Dkt. 14. Composite then requested this Court enter a default judgment, which this Court granted, awarding damages and issuing a permanent injunction. *See* Dkt. 21 at 11. This Court further determined that an award of fees and costs was appropriate pursuant to 35 U.S.C. § 285 because Rood's "infringement was willful and deliberate." *Id.*

In accordance with the Court's direction, Composite now submits its Motion and Memorandum for Attorney's Fees and Costs, requesting that the Court enter an order awarding attorneys' fees totaling $67,754.50 and costs totaling $1,486.80. *Pl.'s Br.* at 3, Dkt. 22.

## LEGAL STANDARD

Federal Rule of Civil Procedure 54 governs the award of attorney fees. If a basis exists for an award of attorney fees, the Court must calculate a reasonable fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

The proper method for determining reasonable attorney fees in the Ninth Circuit is the two-step "lodestar method." *Haegar v. Goodyear Tire and Rubber Co.*, 813 F.3d 1233, 1249 (9th Cir. 2016). First, the court must evaluate whether the rate charged and the hours expended by the attorneys were reasonable. *Hensley*, 461 U.S. at 433. The hourly rate and the hours expended are then multiplied to establish an initial estimate of the value of the attorney's fees. *Id*. This lodestar figure is a presumptively reasonable fee. *Van Gerwen v. Guarantee Mut. Life Co*., 214 F.3d 1041, 1045 (9th Cir. 2000).

In evaluating the fee award, the court should consider the factors set forth in *Kerr v. Screen Extras Guild, Inc.*: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases." 526 F.2d 67, 69–70 (9th Cir. 1975). When the lodestar calculation fails to account for one of these factors, the court has the discretion to adjust the lodestar

figure up or down to provide a reasonable award. *See Van Gerwen*, 214 F.3d at 1045.

The party seeking fees has the burden of submitting evidence to establish that the claimed rates and hours expended are reasonable. *Blum v. Stenson*, 465 U.S. 886, 897 (1984). "In a case in which a defendant fails to appear or otherwise defend itself, however, the burden of scrutinizing an attorney's fee request—like other burdens—necessarily shifts to the court." *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1160 (9th Cir. 2018) (citing *Tuli v. Republic of Iraq (In re Tuli)*, 172 F.3d 707, 712 (9th Cir. 1999)).

## ANALYSIS

As discussed, this Court has already determined that Composite is entitled to an award of attorneys' fees and costs under 35 U.S.C. § 285. Dkt. 21 at 11. Therefore, the Court need only address the reasonableness of Composite's request.

### A.    Reasonableness of the Requested Hourly Fees

Composite seeks an award of $67,754.50 for the work of seven attorneys from two different law firms. *Pl.'s Br.* at 3, Dkt. 22. Snell & Wilmer ("S&W"), L.L.P., which served as local counsel, had four attorneys bill a total of 70.3 hours. *Id.* at 4. Burr & Forman ("Burr"), L.L.P., which serves as Composite's intellectual property counsel, had three attorneys and a paralegal bill 72.4 hours. *Id.*

After reviewing the briefing and the record, the Court concludes that the hourly rates charged by Composite's attorneys must be reduced to reflect the prevailing rate in this forum, and certain billing entries will be excluded as clerical work. The Court will discuss its findings in detail below.

### 1. Hourly Rates

The test for determining a reasonable hourly rate requires the court to compare the requested rate to those of lawyers with reasonably comparable skill, experience, and reputation in the relevant market. *See Blum*, 465 U.S. at 896 n.11 (1984); *see also Barjon v. Dalton*, 132 F.3d 496, 502 (9th Cir. 1997). In making this determination, the Court should consider the *Kerr* factors. *Kerr*, 526 F.2d at 70; *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1213 (9th Cir. 1986), *opinion amended on denial of reh'g*, 808 F.2d 1373 (9th Cir. 1987)

It is the responsibility of the attorney seeking an award to submit evidence showing that the hourly rates are reasonable. *Hensley*, 461 U.S. at 433. However, it is not an abuse of discretion for a district court to rely in part on its own knowledge and experience in determining a reasonable hourly rate. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011). Further, conclusory affidavits as to what constitutes a reasonable rate are insufficient to establish the prevailing market rate. *See Widrig v. Apfel*, 140 F.3d 1207, 1209–10 (9th Cir. 1998).

### a. The Relevant Market

In the Ninth Circuit, the general rule is that fee awards are calculated using the prevailing market rates in the forum district. *Gates v. Deukmejiam*, 987 F.2d 1392, 1405 (9th Cir. 1992). As Composite correctly notes, this case was filed in Coeur d'Alene, Idaho. *See Pl.'s Br.* at 6, Dkt. 22. Despite the majority, if not all, of the listed attorneys appearing to primarily be located outside of this state, Composite does not argue that national market rates should be used but instead claims that its requested rates are reasonable in Coeur d'Alene, Idaho. *Id.* at 7–8.

While the Court agrees with Composite that the specific relevant legal community for determining the prevailing rates is Coeur d'Alene, or North Idaho, it is common for lawyers from the Boise area and other parts of Idaho to handle cases and provide legal advice in North Idaho. *See Cayne v. Washington Tr. Bank*, No. 2:12-CV-00584-REB, 2018 WL 3939306, at *5 (D. Idaho Aug. 16, 2018). This is especially true where a legal matter requires more specialized expertise, such as in this case. Accordingly, this Court finds that the relevant forum is not limited strictly to Coeur d'Alene but the entire District of Idaho.

### b. The Prevailing Hourly Rate.

Having defined the relevant legal market, the Court must now determine if Composite has produced satisfactory evidence that its requested rates align with

those in the District of Idaho.

Here, Composite requests the following hourly rate for the various

timekeepers who worked on this matter:

| Timekeeper | Firm | Title | Graduation Year | Hourly Rate Range |
|---|---|---|---|---|
| Mark. O. Morris | S&W | Partner | 1985 | $650-$705 |
| V.R. Bohman | S&W | Partner | 2013 | $530 |
| Sid Leach | S&W | Partner | 1978 | $785 |
| Benjamin J. Mills | S&W | Associate | 2019 | $345 |
| William Y. Klett, III | Burr | Partner | 1990 | $630 |
| Brook R. Watson | Burr | Associate | 2019 | $330 |
| Charles S. Kinley | Burr | Associate | 2022 | $295 |
| Melissa Oken | Burr | Paralegal | N/A | $205 |

In support of its request, Composite submitted the declarations of William

Y. Klett, III, and Mark O. Morris. *See Pl.'s Br.*, Ex. A and B, Dkt. 22. Composite

did not provide any additional declarations addressing the prevailing market rate,

nor has it provided any citations to cases from the District of Idaho awarding

similar rates. Instead, Composite bases the reasonableness of its rates exclusively

on its submitted declarations and a comparison to the rates provided in the

American Intellectual Property Law Association ("AIPLA") Report of the

Economic Survey 2021. *See Pl.'s Br.* at 6, Dkt. 22. As discussed below, neither the

declarations nor the AIPLA Report is sufficient to establish the prevailing market

rate in this forum.

First, the declarations of Mr. Klett and Mr. Morris do not lay out the relevant market rate in Idaho; instead, both declarations rely on statements that, in their respective opinions, the rates charged by the attorneys in this matter were reasonable and necessary. *Klett Dec.*, ¶¶ 16, 22, Dkt. 22; *Morris Dec.*, ¶¶ 15, 21, Dkt. 22. While declarations may be sufficient to establish the prevailing market rate in some cases, declarations that merely attest that a particular hourly rate is reasonable for the services and nothing more, as in this case, are insufficient to establish the prevailing market rate in the applicable forum. *See Widrig*, 140 F.3d at 1209–10. Moreover, Mr. Klett and Mr. Morris appear to base their opinion on the reasonableness of the rates not on their experience in the District of Idaho but rather on their extensive experience in federal courts throughout the country. *See Klett Dec*., ¶ 16, Dkt. 22 ("Based on my experience as counsel in complex commercial litigation matters, including intellectual property matters, across the United States, all the rates charged by the attorneys of Burr and S&W were reasonable for the services rendered."); *Morris Dec*., ¶ 15, Dkt 22 (same). However, as discussed above, Composite has not established nor requested that a national market applies to the rates in this case.

Additionally, outside of the two declarants, Composite offers no information

about the remaining six timekeepers outside of the year and university from which the individual graduated. *See Klett Dec.*, ¶ 10, Dkt. 22; *Morris Dec.*, ¶ 9, Dkt. 22. Without any specific information on the remaining attorneys, Composite faces an inherent challenge in establishing that its requested rates are in line with those in the District of Idaho for similar services by lawyers of reasonably comparable skill, experience, and reputation.

Second, the AIPLA Report similarly does not provide specific enough information to establish the market rate in this forum. Composite utilizes the Report's surveyed rates for intellectual property practitioners under the category of "Other West." *See Pl.'s Br.* at 5–8. However, as Composite points out, the Report classifies "Other West" as not Texas, Los Angeles, or San Francisco. *Id*. Although the Report provides no further definition as to what areas are included in "Other West" or where the participating attorneys are located, presumably, "Other West" includes practitioners in areas such as Seattle, Portland, Las Vegas, and Salt Lake City. Reasonable rates in those cities, and others like them, do not reflect the market rate in the State of Idaho. Second, the "Other West" category does not offer specific information regarding the relationship between average rates and years of experience. *See Id.*, Ex. C at F-26, I-37, I-49. Thus, even assuming the Report could depict the applicable market rate in this forum, it fails to provide sufficient

information to establish that the rates charged by the attorneys in this matter are in line with other attorneys who possess reasonably comparable skill and experience.

Ultimately, Composite has not met its burden of establishing that its requested rates are in line with those prevailing in the District of Idaho for similar services by lawyers of reasonably comparable skill, experience, and reputation. *Barjon*, 132 F.3d at 502. Additionally, after an extensive review of awards of reasonable fees in this District, the requested rates in this matter are significantly higher than other rates determined to be reasonable. Nor do the requested rates comport with this Court's knowledge of the customary and usual rates charged in this forum. The Court will accordingly rely on previous awards of reasonable fees and "its own familiarity with the legal market" to determine the prevailing market rates that should be applied in this case. *Ingram*, 647 F.3d at 928.

First, the Court finds that the prevailing market rates for the various partner-level attorneys, in this case, is $450 and $340. In a North Idaho case, this Court found that a $380 hourly rate was reasonable for the lead attorney with over 20 years of experience specifically focused on intellectual property litigation. *See Rhino Metals, Inc. v. Kodiak Safe Co. LLC*, No. 116CV00285EJLREB, 2018 WL 11419856, at *4 (D. Idaho June 28, 2018). In that case, the attorney discounted his usual rate of $455 to $380 per hour, which Judge Lodge determined was "in-line

with the prevailing market rate charged for similar work in this District." *Id.*

In another Idaho case regarding a trademark infringement claim, Judge Nye determined that $435 was a reasonable rate for an attorney who also had over 20 years of experience. *Nelson-Ricks Cheese Co., Inc. v. Lakeview Cheese Co., LLC*, No. 4:16-CV-00427-DCN, 2018 WL 6186798, at *5 (D. Idaho Nov. 27, 2018), *aff'd*, 775 F. App'x 350 (9th Cir. 2019). The court explained that while $435 an hour "might be on the high end of a reasonable rate," it was not excessive considering the attorney's experience and the work involved in a case with a "very technical claim[.]" *Id.*

Based on its own knowledge and experience, and the rates awarded in *Rhino Metals* and *Nelson*, the Court finds that $450 an hour is a reasonable rate for Mr. Morris, Mr. Leach, and Mr. Klett, all of whom have more than 30 years of experience in complex litigation and intellectual property. *See Pl.'s Br.* at 3; *Klett Dec.*, ¶ 6, Dkt. 22; *Morris Dec.*, ¶ 6, Dkt. 22. The Court recognizes that while these attorneys' usual rates differ, without any information explaining the reasoning behind these differences, the Court will apply a uniform rate for each attorney. Although the claims here involve a specialized and complicated area of law, this case was not as complex as it could have been given Rood's failure to make an appearance and the significant amount of the overall time spent on issues

MEMORANDUM DECISION AND ORDER - 11

surrounding personal service.[1] *See Pl.'s Br.* at 5, Dkt. 22 (explaining that the "number of hours required to litigate these matters is a direct function of the complexity of this litigation and the difficulty in locating Defendant and effectuating personal service on him."). Accordingly, the Court believes that this case justifies a rate on the high end of what has been awarded in this District, but does not justify exceeding those rates. *See, e.g.*, *Cayne et al. v. Washington Trust Bank et al.*, 2018 WL 3939306, at *8 (D. Idaho Aug. 30, 2017) (reducing an attorney with over 45 years of experience from an average hourly rate of $558 to $425, "which is at the upper limit of recent awards in the District of Idaho."); *F.V. v. Jeppesen*, No. 1:17-CV-00170-CWD, 2022 WL 2150052, at *8 (D. Idaho June 8, 2022) (reducing an attorney's fee from $650-$675 to $410, which was higher than the usual Boise market rate for his experience, but justified due to the attorney's particular knowledge of the case and specialized expertise).

Unlike the aforementioned partner-level attorneys, Mr. Bohman's experience presumably falls closer to the 10-year mark. *See Pl.'s Br.* at 3, Dkt. 22 (noting that Mr. Bohman graduated in 2013). Accordingly, the Court finds a

---

[1] As discussed below, while some of the entries regarding service have been deducted, the Court has allowed many service-related entries to remain based on the complicated nature of effectuating service in this case.

**MEMORANDUM DECISION AND ORDER - 12**

reasonable rate in the District of Idaho for Mr. Bohman is $340. *See, e.g.*,

*Dickinson Frozen Foods, Inc. v. FPS Food Process Sols. Corp.*, No. 1:17-CV-

00519-DCN, 2021 WL 2444157, at *15 (D. Idaho June 15, 2021) (finding "an

adjustment to $330 an hour adequately reflects Stoel Rives' position as a large

regional firm and prevailing market rates for partners with eleven years of

experience.").

Second, the Court likewise finds that the rates for the associates who billed

on this matter must be reduced to match the prevailing market rate. In doing so, the

Court finds *Dickinson* particularly relevant to the case at hand. 2021 WL 2444157,

at *12. In *Dickinson*, this Court addressed the reasonableness of rates for attorneys

at one of Boise's larger regional firms. *Id*. There, the court found that a rate of

$250 per hour was reasonable for associates with five to six years of experience.

*Id.*; *see also F.V.*, 2022 WL 2150052, at *8 (finding the Boise market rate for an

attorney with six years of experience is $270-280, and the market rate for attorneys

with two years of experience is $210-220). The court also adjusted the rates of two

associates with a year or less experience from $245 to $200 per hour. *Id*.

Here, both firms representing Composite appear to be larger regional or

national firms akin to the firm in *Dickinson*, which charges billing rates on the

higher end of the market. Thus, the Court will adjust the hourly rate for Mr. Mills

**MEMORANDUM DECISION AND ORDER - 13**

and Ms. Watson – who, having graduated in 2019, presumably had roughly three years of experience during the pendency of this matter – to $230 per hour, and Mr. Kinley – who graduated in 2022 – to $200 per hour. *See Pl.'s Br.* at 7, Dkt. 22.

Lastly, the Court will reduce Ms. Oken's rate for her paralegal services to $175 per hour. Courts in this District have found that a reasonable hourly rate for a paralegal ranges from as high as $190 to as low as $100. *See, e.g.*, *Dickinson*, 2021 WL 2444157, at *15 (finding a rate of $190 was reasonable for paralegals in larger regional firms with over 20 years of experience); *Paddock v. Dixon*, No. 1:21-CV-00493-DCN, 2023 WL 1993693, at *3 (D. Idaho Feb. 14, 2023) (finding that paralegal rates between $100 and $150 were reasonable); *Legere-Gordon v. Firstcredit Inc.*, No. 1:19-CV-360 WBS, 2021 WL 2269503, at *7 (D. Idaho June 2, 2021) (finding $120 a reasonable rate per hour for a paralegal); *F.V.*, 2022 WL 2150052, at *8 (finding an hourly rate of $175 for paralegal services is reasonable). Although $190 an hour was a reasonable rate in *Dickinson*, Composite has provided no information regarding Ms. Oken's experience to justify her higher-than-usual rate. *See Klett Dec.*, ¶ 12, Dkt. 22. Without any information regarding Ms. Oken's experience, the Court finds that the hourly rate of $175 in *F.V.* more accurately reflects a reasonable rate in this market for Ms. Oken's services.

Accordingly, the chart below shows the applicable adjusted rates that will be

applied in this case:

| Timekeeper | Firm | Title | Graduation Year | Adjusted Hourly Rate |
|---|---|---|---|---|
| Mark. O. Morris | S&W | Partner | 1985 | $450 |
| V.R. Bohman | S&W | Partner | 2013 | $340 |
| Sid Leach | S&W | Partner | 1978 | $450 |
| Benjamin J. Mills | S&W | Associate | 2019 | $230 |
| William Y. Klett, III | Burr | Partner | 1990 | $450 |
| Brook R. Watson | Burr | Associate | 2019 | $230 |
| Charles S. Kinley | Burr | Associate | 2022 | $200 |
| Melissa Oken | Burr | Paralegal | N/A | $175 |

## 2.  Hours Expended

After a court determines the reasonable hourly rate to be applied, the next step is to evaluate whether the hours expended are reasonable. *Hensley*, 461 U.S. at 433. Again, the court should consider the *Kerr* factors in its determination. *Id.*

When determining the number of hours to be used to calculate the lodestar, the Court should exclude hours "that were not reasonably expended." *Hensley*, 461 U.S. at 434. The party seeking fees "should make a reasonable effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary" and bears the burden of submitting evidence to establish that the hours expended are reasonable. *Id.*; *Blum*, 465 U.S. at 897.

The Supreme Court determined that "purely clerical or secretarial tasks

should not be billed at a paralegal or [lawyer's] rate, regardless of who performs them." *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10, (1989). "When clerical tasks are billed at hourly rates, the court should reduce the hours requested to account for the billing errors." *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009).

The Ninth Circuit has indicated that tasks related to "attorney admission" are clerical in nature. *See id.* (reducing the requested fee award for the time award billed by a paralegal related to counsel's admission). Additionally, courts in the Ninth Circuit have found that time spent serving summons is non-compensable clerical work. *See, e.g.*, *Coos Bay RV Invs., LLC v. Wheelhaus Inc.*, No. 3:21-CV-00448-AC, 2022 WL 508818, at *6 (D. Or. Feb. 3, 2022) (eliminating time billed for following up on service issues and "emails re: service and related issues"); *Kirk v. Berryhill* 244 F. Supp. 3d 1077, 1084 (E.D. Cal. 2017) ("drafting letters and preparing documents related to representation and service of process .... could have been completed by experienced support staff"); *see also Neil v. Comm'r of Soc. Sec.*, 495 F. App'x 845, 847 (9th Cir. 2012) (in an unpublished decision, the Ninth Circuit found "that the district court did not abuse its discretion in declining to award Neil attorney's fees for purely clerical tasks such as filing documents and preparing and serving summons.").

Having reviewed the time entries provided by Composite's attorneys, the

Court has determined that the majority of the hours expended were reasonable. However, the Court finds that certain entries reflect non-substantive clerical work that should not have been billed separately and will accordingly be deducted from the overall fee award as shown in the table below:

| Timekeeper | Description[2] | Hours |
|---|---|---|
| William Y. Klett, III | Time on admission and clerical work regarding service[3] | 7.8 |
| Mark O. Morris | clerical work regarding service | 1.1 |
| Benjamin J. Mills | clerical work regarding service | 2.5 |
| V.R. Bohman | clerical work regarding service | 0.8 |

### 3. Lodestar Calculation

Having reviewed the briefing and record, the Court finds the following hours expended were reasonable at a rate that reflects the relevant market. Accordingly,

---

[2] Rather than providing an expansive list of the descriptions provided in the actual time entries submitted by Composite, the Court has grouped the relevant entries into categories based on a broad description of the task performed for ease of reference. The Court further finds it unnecessary to specifically identify each task as the reductions fall within the Court's discretion to impose a "haircut" after taking into account the reduction reflecting the prevailing market rates in this District. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) ("[T]he district court can impose a small reduction, no greater than 10 percent—a 'haircut'— based on its exercise of discretion and without more specific explanation.").

[3] The Court recognizes that service, in this case, was more complex than usual. Accordingly, the Court was conservative in its review and only deducted time from entries that were clearly clerical and did not provide any indication that an attorney was required to complete the task. An example of some of the entries at issue are as follows: "Follow-up on service issues; . . . Work on Pro Hac admission[;]" "Status email regarding service on Rood[;]" "Arrange for service of process in accordance with the courts order."

**MEMORANDUM DECISION AND ORDER - 17**

the Court finds that the lodestar amount is $41,829.00, as illustrated below:

| Timekeeper | Firm | Title | Reasonable Rate | Hours Reasonably Expended[4] | Lodestar |
|---|---|---|---|---|---|
| Mark. O. Morris | S&W | Partner | $450 | 10.9 | $4,905 |
| V.R. Bohman | S&W | Partner | $340 | 6.9 | $2,346 |
| Sid Leach | S&W | Partner | $450 | 1.4 | $630 |
| Benjamin J. Mills | S&W | Associate | $230 | 46.7 | $10,741 |
| William Y. Klett, III | Burr | Partner | $450 | 39.9 | $17,955 |
| Brook R. Watson | Burr | Associate | $230 | 13.9 | $3,197 |
| Charles S. Kinley | Burr | Associate | $200 | 6.6 | $1,320 |
| Melissa Oken | Burr | Paralegal | $175 | 4.2 | $735 |
| | | | | **TOTAL** | $41,829 |

## B.    Award of Costs.

In addition to its request for attorneys' fees, Composite seeks to recover its costs and out-of-pocket expenses in the amount of $1,486.80. *Pl.'s Br.* at 8, Dkt. 22. Having reviewed the briefing and record, the Court finds that Composite's request was reasonable and necessary. Accordingly, the Court will award

---

[4] Composite did not provide a breakdown of the hours worked by each attorney. Accordingly, the Court has determined the overall hours billed by each attorney from the billing entries provided in the submitted declarations.

MEMORANDUM DECISION AND ORDER - 18

Composite its costs in the amount requested.

## ORDER

**IT IS ORDERED that:**

1.      Plaintiff's Motion for Attorneys' Fees and Costs (Dkt. 22) is

**GRANTED**.

2.      The Court hereby awards the Plaintiff attorneys' fees in the amount of

$41,829.00.

3.      The Court further awards the Plaintiff costs in the amount of

$1,486.80.

DATED: March 3, 2023

B. Lynn Winmill
U.S. District Court Judge